7 F.3d 1043
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Earl Samuel STUART, Appellant.
 No. 93-1899.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 7, 1993.
Filed: October 26, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Earl Samuel Stuart, a Minnesota inmate, appeals from the district court's[1] order denying his motion for a new trial based on newly discovered evidence. We affirm.
 
 
 2
 Stuart was convicted for attempting to purchase one kilogram of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Richard Cohen, a government informant, had set up the deal in exchange for an additional reduction in his sentence in an unrelated case. We affirmed Stuart's conviction and sentence. United States v. Stuart, 923 F.2d 607 (8th Cir.), cert. denied, 111 S. Ct. 1599 (1991). Stuart then timely filed, under Federal Rule of Criminal Procedure 33, this motion for new trial based on newly discovered evidence. He asserted that the plea agreements between Cohen and the government violated his due process rights, and that the trial court improperly admitted taped telephone conversations. The district court denied Stuart's motion. Stuart timely appealed.
 
 
 3
 The determination whether to grant a new trial based on newly discovered evidence rests in the broad discretion of the district court, and we will not disturb that decision absent a showing of an abuse of discretion. United States v. Provost, 969 F.2d 617, 620 (8th Cir. 1992), cert. denied, 113 S. Ct. 986 (1993). To justify a new trial on the ground of newly discovered evidence, a movant must show, among other prerequisites, that the evidence is in fact newly discovered-i.e., "discovered since the trial." Id.
 
 
 4
 Stuart has not shown any new evidence regarding Cohen's agreements with the government or the admissibility of the taped conversations. Stuart relies on trial testimony, evidence submitted at trial, and the objections his counsel offered at trial, rather than on evidence "discovered since the trial." He does not dispute that the specifics of Cohen's agreements were fully explored at trial, that the taped conversations were admitted over his counsel's objections under United States v. McMillian, 508 F.2d 101, 104 (8th Cir. 1974), cert. denied, 421 U.S. 916 (1975), and that Cohen consented to tape record their conversations. Therefore, we hold that the evidence Stuart relies on for his due process and evidentiary claims is not newly discovered evidence under Rule 33, and the district court did not abuse its discretion in denying a new trial.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Diana E. Murphy, Chief Judge, United States District Court for the District of Minnesota